IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:19-cv-160 |
| ) | |
| 1.40 ACRES OF LAND, OWNED BY ) | By: Elizabeth K. Dillon |
| MARY ELLEN RIVES, ) | United States District Judge |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is scheduled for a jury trial starting on April 25, 2023. Pending before the court is Mountain Valley Pipeline's second motion in limine (Dkt. No. 40) and MVP's proposed plan for a jury view (Dkt. No. 28). The court heard argument on these motions at the final pretrial conference on April 18, 2023. Both motions will be granted.

**I. MVP's Second Motion in Limine**

MVP moves in limine that if defendant calls Jared Schweitzer, defendant should not be permitted to identify Schweitzer as an MVP appraiser. Schweitzer did a security appraisal for MVP. This motion will be granted for the reasons stated on the record at the final pretrial conference and for the reasons stated in the *Frank Terry* case. *See MVP v. 8.37 Acres (Frank Terry)*, No. 7:20-cv-134, 2022 WL 686319, at *2 (W.D. Va. Mar. 8, 2022) (granting motion for "an order that Landowners not disclose, directly or indirectly, that MVP hired Schweitzer to perform the appraisal, and not to disclose, directly or indirectly, that Landowners did not hire Schweitzer"). MVP has clarified that it is not attempting to exclude Schweitzer's damages conclusion; instead, MVP seeks only to prevent the jury from hearing that MVP hired Schweitzer.

**II. MVP's Plan for Jury View**

The court has previously granted defendant's motion for a jury view of the subject property

during trial, subject to the conditions during the trial dates regarding logistics (including, but not limited to, access to the property, weather, and transportation), security (including, but not limited to, the health and safety of the jurors, parties, counsel, and court personnel), and time constraints. (Dkt. No. 22.)  The court also noted that if an in-person jury view is not practicable at the time of trial, then the parties will have the opportunity to use photographs, or pre-recorded or live video.

MVP submitted a plan for a jury view.  (Dkt. No. 28.)  As part of its plan, MVP proposes to drive approximately three miles to view the area where the pipeline crosses the Blue Ridge Parkway, as an example of reclamation.  Defendant objects to this aspect of the plan, arguing that the reclamation property is unrelated to the subject property and that viewing the reclamation site would confuse the jury and unnecessarily extend the duration of the view and the trial.  The court has conducted jury views in previous just compensation trials involving the Mountain Valley Pipeline project.  As part of this process, the court has taken the jury to view this reclamation site because reclamation is a relevant issue in this case.  It has not and will not take an excessive amount of time to accomplish this task.  Therefore, and for the reasons stated on the record at the final pretrial conference, MVP's motion for a jury view that includes viewing the reclamation site will be granted.

### III. Conclusion and Order

For the reasons stated herein and those stated on the record during the final pretrial conference, it is HEREBY ORDERED that MVP's motion for a jury view (Dkt. No. 28) is GRANTED and MVP's second motion in limine (Dkt. No. 40) is GRANTED.

Entered: April 18, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge